[No. 616.    August 28, 1895.]

HENRY LOCKHART, PLAINTIFF IN ERROR, v. H. J. WOOLLACOTT, DEFENDANT IN ERROR.

PRACTICE—CERTIORARI—BOND—APPEAL.—Where, upon application, by plaintiff, to the judge of the district court for a writ of certiorari from the judgment of a justice of the peace, under section 2442, Compiled Laws, 1884, requiring the justice to send up a transcript of the record in the cause, in the manner prescribed by said section, and the judge granted the writ, and required plaintiff to file bond within seven days thereafter, in double the amount of the judgment, to be approved by the clerk of said court, which was done, the granting or refusing of the writ, the amount of the bond, and the time within which, it should be filed, were matters resting in the sound discretion of the judge, not reviewable on appeal, where there has been no abuse of such discretion.

ID.—OMISSION OF FIRST FULL NAME OF PLAINTIFF—MOTION TO DISMISS. In such case, a contention that the writ of certiorari should have been dismissed, because the account sued on did not contain the first full name of the plaintiff, raised for the first time in the district court, by motion, instead of by plea, as required by the rules of pleading and practice for the procedure of causes in said court, is not tenable, and and will not be sustained.

ID.—DEFECTIVE BOND—MOTION TO DISMISS.—Though the bond filed in such action was not in exact conformity to the statute, yet was in substantial compliance therewith, was taken and accepted by the clerk of the district court, and there was no motion for a new bond, and defendant was not prejudiced thereby, judgment having been rendered against him in that court, it was sufficient, and the court properly refused to dismiss the writ of certiorari on that ground.

ID.—LAWS, 1889, CHAP. 48—COMP. LAWS, 1884, SEC. 2442.—Chapter 48, Laws, 1889, providing a distinct remedy where a justice of the peace wrongfully refuses to grant an appeal in any case allowed by law, is neither in conflict with, nor an amendment or repeal of, section 2442, Complied Laws, providing for a writ of certiorari where judgment is rendered by a justice of the peace, and a party is prevented or unable, from any cause, to appeal therefrom within ten days.

ERROR, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Affirmed.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & GILLETT for plaintiff in error.

This action should have been dismissed for the failure of the plaintiff's Christian name to appear in any of the papers filed in the cause. Prince's Law, 1882, sec. 21.

While these defects may have been amendable, no amendment was made, asked, or allowed below, and the pleadings are insufficient and can not be sustained. Bennett v. Zabriski, 2 N. M. 179.

The Act of 1889, sections 1, 2, is amendatory of section 2442, Complied Laws, and controls the right of a writ of certiorari. If it were not, then the writ was still improvidently allowed, the petitioner not only not having applied to the justice for an appeal, but having also failed to file a bond within thirty days after judgment was rendered, by the justice, with the clerk of the district court. Loose v. Rondema, 38 Pac. Rep. 1012; Grunewald v. W. C. Grocer Co., Id. 1011; Dye v. Noel, 85 Ill. 290; Lord v. Burke, 4 Gill. 363; Tuton v. Larimer, 6 Cal. 290; Fagg v. Parker, 11 Iowa, 18; Uvalde County v. City of Uvalde, 3 S. W. Rep. 327.

The court can not extend the time of filing an appeal bond. Wait v. Van Allen, 22 N. Y. 319.

The bond absolutely fails to provide for payment of any damages whatever. Our statute provides a form for appeal bonds from justices' courts, and they must be followed.    Comp. Laws, secs. 2447, 2436, 2187; Figures v. Dunklin, 5 S. W. Rep. 503; Elliott v. Chapman, 15 Cal. 383; Gordon v. Wansey, 19 Id. 82; Armon v. Shellenberger, 42 Id. 277; Reed v. Kimball, 52 Id. 232.

The bond must include all the essentials required by the statute. 1 Encyclopedia Pl. & Pr. 983.

The securities are not bound because the principal did not sign the bond. Bean v. Parker, 17 Mass. 591; Wild Cat Branch v. Ball, 45 Ind. 213; Board of Education v. Sweeney, 48 N. W. Rep. 302; Jones v. Parsons, 2 Yerg. (Tenn.) 321; Am. and Eng. Encyclopedia of Law, 741, 743, and notes.

THOMAS N. WILKERSON for defendant in error.

Judgment having been entered in this case, and the defendant granted a new trial only upon an affidavit of merit, the court can decide the case upon this point.    The errors complained of by plaintiff in error having nothing to do with the merits of the case, this action should be dismissed without further consideration by the court.    Lavier v. Cock, 6 Munf. (Va.) 580; Murdock v. Herndon, 4 Hen. & M. (Va.) 200.

As to the objection that the plaintiff's Christian name does not appear anywhere in this case, the case of Bennett v. Zabriski, 2 N. M. 179, cited in support of it, has no bearing here, and if it had, was overruled by Robinson v. Hesser, 4 N. M. (Gil.) 282.    Moreover this suit was brought on the bill head of the plaintiff, under which name he transacted his business, and that would be his name for the purpose of business.    Bell v. Sun Printing Co., 42 N. Y. (S. C.) 57; Petition of Snooks, 2 N. Y. (Hilt.) 566.

When a party is designated in a pleading preceded by one or more capital letters, in the absence of evidence, the court will not presume that he has any Christian name other than such letter or letters. Kinnersly v. Knott, 7 Com. B. 980; S. C., 13 Jur. 658; Nash v. Collier, 5 Dowl. & L. 396; City Council v. King, 4 McCord L. (S. C.) 487.

Where a plaintiff sued as "O. B. Abbott," and obtained judgment, it was held it would not be presumed, for the sake of invalidating the judgment, that he had any other Christian name. Fewlass v. Abbott, 28 Mich. 270.

LAUGHLIN, J.—On the fifth day of October, 1893, H. J. Woollacott filed a suit on an open account for $57.88 against Henry Lockhart, to recover for the price of certain goods, wares, and merchandise, sold and delivered to said Lockhart, before W. H. Burke, justice of the peace for precinct number 12, in said Bernalillo county. On the twentieth day of the same month the defendant filed with said justice of the peace a counterclaim for an amount claimed to be due from plaintiff as unliquidated damages, and the case was tried and judgment rendered in favor of defendant Lockhart for $20. The plaintiff did not take. or ask an appeal from the judgment within ten days thereafter; but on the eighteenth day of November, following, and on the twenty-ninth day after rendition of the judgment, plaintiff, by his attorney, made out and presented in writing, under oath, his petition to the judge of the district court for a writ of certiorari, requiring the justice of the peace to send up a transcript and all the papers in the case, in the manner prescribed by section 2442, Compiled Laws, 1884. The judge granted the writ, and required plaintiff to file within seven days thereafter a bond to the adverse party in the sum of $40, to be approved by the clerk of said court, which

was furnished.    Defendant moved to dismiss the appeal and quash the writ of certiorari, because of the insufficiency of the bond as to form, and because it was not filed within thirty days from rendition of judgment, and because plaintiff had not asked or taken his appeal within ten days from rendition of judgment, and because the full first name of plaintiff was not given, which motion was by the court denied.    On May 2, 1895, the trial was had in the district court without the intervention of a jury, and the court rendered judgment in favor of the plaintiff for $30, costs of suit, and interest. Defendant moved for a new trial on practically the same grounds set up in the motion to dismiss, which motion was denied by the court, from which defendant sued out his writ of error to this court, and the case is here on the record.

Plaintiff in error assigns as errors by the court below that the court erred in overruling the motion to dismiss the writ of certiorari, because the plaintiff below was not sufficiently described, in that his first full name was not given, and because the bond was not filed within thirty days, and because the plaintiff did not take or apply for his appeal within ten days after the rendition of the judgment by the justice of the peace.

The writ of certiorari was granted under the authority found in section 2442, Compiled Laws, 1884. CERTIORARI: This section of the statute is broad and bond: appeal. comprehensive in its scope and meaning, and it provides among other things, that: "Whenever judgment shall be rendered by a justice of the peace, and from any cause whatever, either party shall be prevented or shall be unable to appeal within ten days, and he shall believe that injustice has been done him n the trial, if any was had, and in the judgment, he shall make out his petition in writing to the district judge, within thirty days from the rendition of the

judgment setting forth the circumstances of the trial, or as much as shall be necessary, and the reason why he was unable or was prevented from appealing in the ordinary way.   *   *   *"   And upon the petition being sworn to, and presented to the judge, he then grants or denies the writ of certiorari, and fixes the bond. This was done in this case, and the bond was filed with the clerk of the court within seven days thereafter, within the time fixed by the judge, and thirty-six days after the rendition of the judgment by the justice of the peace.   The statute is silent as to when the bond shall be filed; and the matter of granting or refusing the writ, the amount of the bond, and the time within which it shall be filed, are matters within the sound discretion of the judge, and will not be reviewed unless it be apparent upon the record that that discretion has been abused; and that does not appear in this case, and there was no error in the court below on these points.

The plaintiff in error contends that the writ of certiorari should have been dismissed because the account sued on did not contain the full first name of the plaintiff.   This contention is not tenable, because it was raised in the district court for the first time on a motion, where it should have been raised by plea, in the regular way. When a case once reaches the district court, and that court has acquired jurisdiction of the person and subject-matter, it is tried de novo; and the trial thereafter proceeds according to the rules of pleading and practice prescribed for the procedure of causes in the district court, except as to the form and jurisdiction of the cause, as it originated in the justice court.

*OMISSION of first full name: motion to dismiss.*

The second assignment of error is as to the form of the bond, and, while the bond is not within the exact form prescribed by the statute, yet we think, from the fact that the district court gave judgment against the plaintiff in error here and

*DEFECTIVE bond: motion to dismiss.*

defendant below, and that he did not, nor could he, suffer any harm from a defective bond, if it was defective, and that the bond was taken and accepted by the clerk of that court, and that there was no motion asking for a new or better bond, and that it is substantially in compliance with law, that it was sufficient; and we think there was no error in the court below denying the motion to dismiss the writ of certiorari on that ground.

There is no conflict between section 2442, Compiled Laws, 1884, and chapter 48, Laws, 1889. Nor does the latter law in any manner repeal or amend the former section. The latter provides a distinct and separate remedy where any justice of the peace "shall wrongfully refuse to grant an appeal in any case where an appeal is now or may hereafter be permitted by law," when the appeal is applied for in the ordinary manner. Believing that substantial justice was done, the judgment of the court below is affirmed.

*Laws, 1889, ch. 48: Comp. Laws, 1884, sec. 2442.*

SMITH, C. J., and HAMILTON, J., concur. BANTZ, J., did not sit in the case, and took no part in the opinion.