This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JACK G. SPENGLER,**

    Petitioner-Appellant,

v.                                 **NO. 30,213 consolidated with NO. 31,083**

**CYNTHIA M. SPENGLER,**
**(CYNTHIA M. JOYNER),**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Jack G. Spengler
Lynchburg, VA

Pro Se Appellant

Cynthia M. Joyner
Lynchburg, VA

Pro Se Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Petitioner Jack G. Spengler appeals from the district court's final decree in this

dissolution of marriage case. He argues on appeal that the district court erred by (1) denying him due process of law; (2) imputing income to him and not imputing income to Respondent Cynthia M. Spengler in its child support calculation; (3) not properly equalizing community property; (4) improperly allocating tax deductions; (5) denying an order to enter an amount of sanctions against Respondent; (6) committing manifest error in its findings of fact and conclusions of law; (7) admitting the report and testimony of the Rule 11-706 NMRA expert witness as evidence; and (8) awarding attorney fees to Respondent without complying with Rules 1-127 and 1-054(E) NMRA. We affirm.

**MOTION TO DISMISS**

As an initial matter, we address Respondent's motion to dismiss for lack of personal jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act, NMSA 1978, §§ 40-10A-101 to - 403 (2001) (UCCJEA). The purpose of the UCCJEA is "to provide jurisdictional clarity and to promote interstate cooperation" in child custody cases. *State ex rel. Children, Youth & Families Dep't v. Donna J.*, 2006-NMCA-023, ¶ 10, 139 N.M. 131, 129 P.3d 167. It accomplishes this purpose by protecting child-custody determinations by New Mexico courts from modification by other states and prohibits New Mexico courts from modifying child-custody determinations by other states. The UCCJEA provides that "a court of this state which

2

has made a child-custody determination . . . has exclusive, continuing jurisdiction over the determination until . . . a court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state." Section 40-10A-202(a)(2). Further, "a court of this state may not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination . . . and . . . (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction . . . or . . . (2) a court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state." Section 40-10A-203. Based on these provisions, Respondent argues that Virginia, not New Mexico, now has exclusive jurisdiction over child-custody determinations, that Petitioner is seeking to modify a child-custody determination in this appeal, and that therefore this Court lacks jurisdiction under Section 40-10A-203(2).

We begin by discussing the relevant procedural history. On June 10, 2008, the New Mexico district court entered its final decree on custody and visitation. The final decree stated that "New Mexico does not have continuing exclusive jurisdiction over child custody matters because of the parties' current residence in the state of Virginia and, by agreement of the undersigned and the then-presiding judge over pending

3

Virginia proceedings, Virginia has home state jurisdiction over further custody issues between the parties." While this appeal was pending, on September 4, 2009, Petitioner commenced proceedings in the Lynchburg Juvenile and Domestic Relations District Court (the Virginia court) to modify the June 10, 2008 district court order granting Respondent sole legal custody of the parties' children and moved for "joint legal and physical custody of the minor children." The Virginia court issued an order on October 21, 2009, stating that "based upon agreement of [the] parties [and the] last order of [the] New Mexico Court, this Court has exclusive jurisdiction over all matters dealing with custody [and] visitation of minor children[.] After a custody hearing on February 19, 2010, the Virginia court issued a "Final Custody and Visitation Order" on June 21, 2010. Petitioner appealed to the Circuit Court in Lynchburg and on January 4, 2011, the Circuit Court entered a "Final Custody and Visitation Order." Because the New Mexico district court determined that it no longer had exclusive, continuing jurisdiction over child-custody determinations because the parties reside in Virginia and the Virginia court modified the final decree, we grant Respondent's motion to dismiss to the extent that Petitioner raises issues regarding modifying a child-custody determination. However, because the UCCJEA only applies to "child-custody determination[s]" and "child-custody determination[s]" are defined by the UCCJEA to "not include an order relating to child support or other monetary

4

obligation of an individual[,]" we address the merits of Petitioner's arguments not relating to child-custody matters. Section 40-10A-102(3).

**DUE PROCESS**

In Petitioner's due process argument, Petitioner first states that the district court judge did not act promptly after the September 2007 hearing on the merits because he did not enter the final decree until June 10, 2008. He asserts that during this period of time, Respondent continued to violate the district court's temporary order by "denying and interfering" with his visitation and "aligning the children against" him.

Prior to the final hearing on the merits, the district court entered a partial decree of dissolution of marriage and an original and amended interim custody order. After the final hearing on the merits, the court ordered that the interim orders would remain in effect. The following month, October 2007, Petitioner filed two motions for an order to show cause. Because Respondent had also filed a domestic violence action against Petitioner in Virginia after the final hearing on the merits, the district court conferred with the Virginia court. The courts agreed upon the manner that each would proceed with the matters before them. Petitioner moved for an emergency hearing, but later withdrew his motion. Thereafter, Petitioner filed two motions in the district court concerning visitation and his communication with the children. Petitioner appears to argue that the district court denied him procedural due process because it

did not conduct an evidentiary hearing on his motions so that the district court would have a complete record of the matters pertinent to its custody decision. Petitioner claims that the district court treated him unfairly because the court faulted him for the same type of actions that he has alleged of Respondent in his motions. Significantly, Petitioner states that he "is not asking the Court of Appeals to reverse the custody decision," but "he is asking that the facts of this case be accurate, especially the motions that were dismissed so that a complete record of all evidence is available."

We cannot accede to this request. We agree with Petitioner that, as a general rule, the district court had the obligation to afford him the opportunity to be heard on the issues before the court. *See Bass Enters. Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 53, 148 N.M. 516, 238 P.3d 885 ("Due process is a flexible concept whose essence is the right to be heard at a meaningful time and in a meaningful manner." (alteration, internal quotation marks, and citation omitted)). Indeed, the district court entered its final decree based on the evidence adduced at the hearing on the merits. Petitioner's motions for orders to show cause sought to have Respondent held in contempt of court for violation of the court's interim orders. The district court entered detailed, thoughtful findings of fact, indicating that it had carefully considered the considerable evidence in the case over a lengthy period of time. Petitioner does not indicate how or whether any new evidence would have

altered the district court's decision, and, as we have stated, does not even request that this Court take such action. We see no due process violation that enables this Court to grant Petitioner the relief he requests.

Additionally, Petitioner seems to argue that the district court's delay in entering the final decree violated Petitioner's right to procedural due process under the Fourteenth Amendment to the United States Constitution. However, not only does Petitioner not expressly make that argument, he does not cite any authority that would support such position. As a result, we need not address such an argument. *See Edwin Smith, LLC v. Clark*, 2011-NMCA-003, ¶ 36, 149 N.M. 249, 247 P.3d 1134 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**IMPUTATION OF INCOME**

In its determination of child support under the child support guidelines, the district court found that Petitioner had the ability to earn at least $3250 per month and imputed a monthly income of $3250 to Petitioner. It ordered Petitioner to pay Respondent monthly child support of $1132.65 for the parties' four children. Petitioner argues that the district court erred by imputing income to him and also by not imputing income to Respondent.

"The [child support] guidelines require the trial court to make findings

regarding the income of both parents and to calculate support obligations based on these findings." *Quintana v. Eddins*, 2002-NMCA-008, ¶ 9, 131 N.M. 435, 38 P.3d 203; *see* NMSA 1978, § 40-4-11.1(E) (1995) (amended 2008). The district court acts within its discretion, and we review its findings by determining whether they are supported by substantial evidence. *Quintana*, 2002-NMCA-008, ¶ 9. Contrary to Petitioner's argument, there is no requirement that the evidence be clear and convincing. *See id.*

With respect to Petitioner's earning capacity, the district court found as follows. Petitioner has construction skills, was employed at White Sands Construction in Alamogordo from February to December 2006, and earned $3250 per month as of August 2006. Petitioner moved to Virginia in March 2007, where he intended to work as a construction contractor. A witness testified that he intended to hire Petitioner in Virginia on a full-time basis. As of the September 2007 hearing, Petitioner was not working full-time, had a commission-based job on which he had not earned any commissions, and had other work duties for which he was being paid $12 per hour. He had a job application pending with the City of Lynchburg, Virginia that paid $20 per hour for a forty-hour week.

Petitioner does not contest these findings on appeal. Rather, he contends that the evidence was that he left his job in Alamogordo to be close to his children, that he

was not able to earn as much since he moved to Virginia, and that there was no evidence about his ability to earn the imputed income. However, the district court was reasonably able to find from the facts that Petitioner was a skilled construction worker who had earned $3250 per month that the City of Lynchburg was hiring at the rate of $20 per hour for a forty-hour week, a compensatory rate that amounts to approximately $3250 per month, and that Petitioner could earn $3250 per month if fully employed in construction in Lynchburg, Virginia. There was substantial evidence to support the district court's finding.

In his brief in chief, Petitioner argues various facts that would support the district court reaching another result and not imputing income to Petitioner. However, in reviewing for substantial evidence on appeal, we view the evidence and any inferences that can be drawn from the evidence in the light most favorable to the district court's decision and disregard evidence or inferences to the contrary. *H-B-S P'ship v. Aircoa Hospitality Servs., Inc.*, 2005-NMCA-068, ¶ 34, 137 N.M. 626, 114 P.3d 306.

Petitioner also agues that the district court erred because it did not impute income to Respondent. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.

9

App. 1987). This preservation rule seeks to avoid unnecessary appeals by allowing the trial court to address the arguments first and correct any error. *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 38, 125 N.M. 748, 965 P.2d 332. It also ensures that there is a record for review by the appellate court. *Id.*

In the district court, the parties submitted proposed findings of fact and conclusions of law and written closing arguments. Respondent's proposed findings and conclusions addressed imputing income to Petitioner, and Respondent argued the issue in her closing argument. Petitioner did not mention in either of his submissions that the district court should impute income to Respondent. Because Petitioner did not preserve the issue for appellate review, we do not consider it. *See Andalucia Dev. Corp. v. City of Albuquerque*, 2010-NMCA-052, ¶ 25, 148 N.M. 277, 234 P.3d 929 ("Appellate courts will not consider issues that went unpreserved at the district court level.").

**EQUALIZATION OF COMMUNITY PROPERTY**

To equalize the community property distribution, the district court ordered Petitioner to pay Respondent, in its Conclusion of Law No. 23: $543 for income splitting through February 2007; $6500 for Respondent's community interest in two vehicles that Petitioner sold in violation of the temporary domestic order; $1550 for Respondent's community interest in the parties' 2005 income tax refund. It further

ordered, in its Conclusion of Law No. 24, the parties to divide any net proceeds from the sale of their Alamogordo residence.

On appeal, Petitioner challenges these conclusions of law, raising issues concerning funds he spent to maintain the community residence, the sale of the two vehicles, shared expenses for the children's cell phones, and joint mutual funds. We review these issues for substantial evidence. *See Olivas v. Olivas*, 108 N.M. 814, 820, 780 P.2d 640, 646 (Ct. App. 1989) (upholding a property valuation for purposes of making an equal division of property because it was supported by substantial evidence). The district court acts within its discretion in allocating community assets and expenses. *See Bursum v. Bursum*, 2004-NMCA-133, ¶ 31, 136 N.M. 584, 102 P.3d 651 (holding that the district court did not abuse its discretion by the fashion it equalized community expenses).

**Funds to Maintain Community Residence**

Petitioner did not raise the issue concerning funds to maintain the community residence in his proposed findings of fact and conclusions of law or his closing argument. He filed a motion for new trial, contending in part that the district court's conclusions of law "should be modified to reflect all payments made by Petitioner to maintain the family residence in Alamogordo including utilities, mortgage payments and other payments made by Petitioner . . . after the dissolution of the marriage." The

district court dissolved the marriage on May 10, 2007. It held trial on the merits on March 13-15, 2007, and on September 11-13, 2007. It entered its findings of fact and conclusions of law on April 22, 2008, and its final decree on June 10, 2008.

Petitioner filed his motion for new trial on June 18, 2008. The district court denied the motion, stating, as pertaining to Petitioner's argument, that "Petitioner did not request any more specific finding or conclusion about the noted items. Moreover, Petitioner's argument that, after a partial decree dissolved the marriage, he spent money maintaining the community residence ignores the fact that Respondent was concurrently spending money to maintain a separate residence for herself and the children."

On appeal, Petitioner does not argue the lack of substantial evidence to support the district court's Conclusions of Law Nos. 23 and 24. Instead, he claims that the district court should have allowed his expenses incurred because the sale of the residence occurred after the final hearing on the merits. On October 1, 2007, Respondent filed proposed amended and supplemental findings of fact and conclusions of law stating that the parties had sold the community residence and placed funds from the sale with the district court. The district court addressed the distribution of the proceeds in its Conclusion of Law No. 24.

From the time Respondent notified the district court of the sale of the

community residence until the district court entered its findings of fact and conclusion of law on April 22, 2008, nearly six months elapsed. Petitioner did not make any filing with the court concerning expenses related to the community residence, either advising the court of such expenses or requesting payment for them. Petitioner only filed a motion for a new trial after the district court had acted. The motion for new trial did not state the expenses Petitioner claims to have incurred. The district court did not abuse its discretion in denying the motion for a new trial.

We note Petitioner's argument that the district court did not take into account that he, in addition to Respondent, had living expenses in Virginia before the community residence in Alamogordo was sold. We do not consider the district court's second basis for its decision denying the motion for new trial because, based on the district court's first basis alone, the district court did not abuse its discretion in denying the motion.

**Community Interest in Two Vehicles**

The district court found that Petitioner sold two community vehicles in August 2006 in violation of the temporary domestic order. Petitioner traded the two vehicles in partial payment for a 2006 GMC truck. Petitioner contends that the district court erred in requiring him to reimburse Respondent for her half of the community equity invested in the GMC truck, or $6500. He asserts that the truck was necessary because

the work utility van was too small for him to accommodate the children, the minivan was in bad repair, and he needed the truck because he was starting a new construction business.

Although Petitioner testified that he needed the truck because he was starting a construction business and not for his job at White Sands Construction Company, the district court found that Petitioner did not need the truck for the job with White Sands Construction Company. From its findings, it is apparent that the district court did not believe Petitioner's testimony that he needed the truck because he was starting his own business. The district court, as factfinder, was entitled to judge the credibility of the witnesses. *Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 35, 147 N.M. 625, 227 P.3d 115. On appeal, we cannot second guess its judgment as to credibility. *See Mares v. Valencia Cnty. Sheriff's Dep't*, 106 N.M. 744, 747, 749 P.2d 1123, 1126 (Ct. App. 1988) (stating that an appellate court will not second guess the factfinder if the determination is supported by substantial evidence). There was substantial evidence to support the district court's findings concerning the sale of the two vehicles.

**Shared Expenses for Children's Cell Phones**

As part of Petitioner's motion for new trial, he claimed that he should be reimbursed from the proceeds from the sale of the community residence and for his expenditures to maintain the children's cell phones pursuant to the interim order.

14

Although it was not stated in the motion, he now asserts that the amount is $156.50. The district court denied the motion as to this issue, stating that Petitioner had not requested anything more specific in his requested findings of fact and conclusions of law. On appeal, Petitioner does not state why he did not raise this issue with the district court before it entered its findings of fact and conclusions of law. We cannot say that the district court abused its discretion in denying the motion for new trial to address this matter.

**Joint Mutual Funds**

In his motion for new trial, Petitioner stated that "the mutual funds held in the name of . . . Petitioner and Respondent have not been divided by the Court." The district court denied the motion on this issue, stating that Petitioner had testified "that all of the parties' mutual funds are gone except for the funds set aside for the children."

Petitioner argues on appeal that the district court grossly misinterpreted his testimony in that the funds may have been set aside for the children but, as Respondent testified, the funds require the signature of both parents. He asserts that the parties should be able to divide accounts that are in their names.

Again, the district court, as factfinder, interprets the testimony and determines the credibility of the witnesses. *Gilmore*, 2010-NMCA-013, ¶ 35. We will not second

guess the district court's determination in this regard on appeal. *Mares*, 106 N.M. at 747, 749 P.2d at 1126.

**TAX ALLOCATION**

In its Conclusion of Law No. 20, the district court ordered that, as long as Petitioner was not behind more than one child support payment or its equivalent amount, the parties would each be entitled to claim two of the children as dependents for tax purposes. Petitioner argues on appeal that the district court erred in this conclusion and that it should be amended to permit Petitioner to claim two children as dependents regardless of any arrearages beginning with the 2006 tax returns. We review the district court's decision to determine whether it is supported by substantial evidence. *See Olivas*, 108 N.M. at 820, 780 P.2d at 646.

Petitioner states that the district court's conclusion has caused him unnecessary financial hardship without any benefit to Respondent. By way of example, Petitioner asserts that if he is in arrears, his failure to be able to claim dependents only benefits the IRS. According to Petitioner, his obligation to the IRS for 2006 would have been unnecessary if he had been able to claim two dependents, and, for 2008, it would also make a substantial difference. Petitioner suggests a procedure by which, if he were in arrears, he would nevertheless be able to claim two dependents and then "turn over his tax returns to . . . Respondent until arrearages are satisfied." (emphasis omitted).

16

He states that Respondent has refused to accept this proposal. He filed a supplemental motion to reconsider tax allocation connected to arrearages on September 28, 2009, requesting a new trial on the issue, which the district court denied.

Petitioner's argument does not indicate to this Court that the district court lacked substantial evidence for its decision. The district court found that Petitioner was in arrears in his child support payments and granted Respondent a judgment in that regard. Apparently, the district court attempted to address Petitioner's arrearages in its allocation of the tax dependents. There was substantial evidence for the district court's decision. Petitioner must address his effort to modify it to the district court.

**SANCTIONS OF RESPONDENT**

In the final decree, the district court ordered Respondent to "pay Petitioner's attorney fees reasonably and necessarily incurred in prosecution of the motion for order to show cause that was heard and decided in Petitioner's favor on June 14, 2006." Petitioner's attorney for that hearing submitted an affidavit stating that the bill for the hearing was $5035.39. Petitioner requested entry of judgment for the amount stated in the affidavit, and the district court set a hearing on the request for June 2, 2010. Petitioner states in his brief in chief that the district court held a hearing on June 6, 2010 and entered an order on August 31, 2010. However, the record proper does not contain any reference to such order, and the audio recordings made part of

the appeal do not contain any record of either a June 2, 2010 or a June 14, 2010 hearing. An appellant has the responsibility to provide a proper record for appellate review. *See Brown v. Trujillo*, 2004-NMCA-040, ¶ 34, 135 N.M. 365, 88 P.3d 881 (stating that the party seeking review has the burden of providing an adequate record to review issues on appeal). Because Petitioner did not provide the necessary record to review this issue, we will not review this issue. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-013, ¶ 49, 148 N.M. 21, 229 P.3d 494 (declining to review an issue because the appellant did not provide a sufficient record for review).

Additionally, according to a December 27, 2010 order regarding attorney fees, the district court apparently denied Petitioner's request for entry of judgment because the affidavit did not provide an itemized list of attorney fees. Petitioner contends that such a list is not necessary in connection with sanctions. However, a district court exercises it discretion in awarding sanctions. *See Landess v. Gardner Turf Grass, Inc.,* 2008-NMCA-159, ¶ 16, 145 N.M. 372, 198 P.3d 871 ("The district court's imposition of sanctions is reviewed for abuse of discretion."). The affidavit stated that the attorney spent 20.60 hours and that a paralegal spent 21.30 hours on the hearing. The district court wanted more information regarding the attorney fees and invited Petitioner to submit a more specific affidavit and request a rehearing. Petitioner did

18

not submit another affidavit, and we cannot say that the district court abused its discretion by requiring more information before it awarded judgment for sanctions.

Petitioner also argues that the district court violated Rule 1-060 NMRA in setting aside the award of sanctions. However, the district court did not set aside the sanction, instead it did not enter judgment on a specific amount because of Petitioner's failure to file an adequate affidavit, and Rule 1-060 was therefore not implicated by the district court's actions.

**MANIFEST ERROR**

Petitioner contends that the district court committed "manifest" error by allowing the Rule 11-706 NMRA expert report into evidence containing evidence that the court had previously disallowed, by treating the parties' testimony differently, and by basing findings of fact on Respondent's inconsistent testimony. A district court has the discretion to admit or not admit evidence. *See State v. Vance*, 2009-NMCA-024, ¶ 18, 145 N.M. 706, 204 P.3d 31 ("We review the district court's decision to admit evidence under an abuse of discretion standard." (internal quotation marks and citation omitted)). In addition, as we have stated, the district court acting as factfinder is the sole judge of the credibility of the witnesses. *See Gilmore,* 2010-NMCA-013, ¶ 35.

Petitioner does not attack the admissibility of the Rule 1-706 expert's report.

19

He only states that aspects of it were ruled inadmissible when introduced as an exhibit by Respondent.  Petitioner's assertion is insufficient for this Court to determine that the district court abused its discretion in admitting the report as evidence.  *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that we will not review unclear or undeveloped arguments).

As to the district court's accepting Respondent's testimony, even if there are inconsistencies, the district court's role as factfinder is to determine the testimony that it is to believe based on its determination of the credibility of the witnesses.  *See Gilmore,* 2010-NMCA-013, ¶ 35. We will not overturn the district court in its exercise of this discretion.

**RULE 11-706 EXPERT REPORT AND TESTIMONY**

Petitioner argues that Dr. Marc Caplan's  report and testimony was improper in several ways.  Upon stipulation by the parties, the district court appointed Dr. Caplan as a Rule 11-706 expert to conduct a child custody evaluation, and the district court admitted his report into evidence.  The district court referred to Dr. Caplan's report in its findings of fact.

However, Petitioner does not state how he raised his concerns about the evidence to the district court.  As we have stated, an appellant must make a timely objection that apprises the district court of the nature of the claimed error and invoke

20

a ruling from the district court. *Papatheofanis v. Allen*, 2010-NMCA-036, ¶ 31, 148 N.M. 791, 242 P.3d 358, *cert. granted*, 2010-NMCERT-005, 148 N.M. 575, 240 P.3d 1049. On appeal, an appellant has the obligation to advise the appellate court how the appellant preserved the issue in the district court. *See* Rule 12-213(A)(4) NMRA (requiring that the brief in chief on appeal contain, as to each issue, "a statement explaining how the issue was preserved in the court below"). We will not search the record when the appellant fails to comply with the Rules of Appellate Procedure. *See Citizen Action v. Sandia Corp.*, 2008-NMCA-031, ¶ 16, 143 N.M. 620, 179 P.3d 1228 (stating that this Court will not search the record for evidence of preservation). Because Petitioner has not demonstrated that he preserved this argument in the district court, and because this Court does not review issues that have not been preserved, we do not address Petitioner's arguments.

**ATTORNEY FEES**

Petitioner argues that the district court erred in modifying Conclusion of Law No. 27 because the district court and Respondent did not comply with Rules 1-127 and 1-054(E) and by withdrawing Conclusion of Law No. 29 without complying with Rule 1-052 NMRA and Rule 1-060.

The June 10, 2008 final decree contained Conclusion of Law No. 27, which ordered Petitioner to pay one-half of Respondent's attorney fees incurred during the

period beginning with the entry of the amended interim order on June 16, 2007, through the conclusion of the hearing on the merits on September 13, 2007. The district court awarded the attorney fees because Petitioner was at fault for communication problems between the parties as well as his disregard for the district court's orders regarding e-mail communications and visitation exchanges. Conclusion of Law No. 28 stated the amount of fees awarded by Conclusion of Law No. 27 "shall be established by attorney's affidavit accompanied by a proposed order and judgment for attorney fees." Conclusion of Law No. 29 stated that except as otherwise provided, the parties must pay their own attorney fees.

Apparently to comply with Conclusion of Law No. 28, on June 24, 2008, Respondent filed an affidavit without an accompanying motion or proposed order and judgment that contained a detailed itemized list of the attorney fees during the time period. On July 10, 2008, Respondent filed a "notice of filing of omitted order and judgment for attorney[] fees," noting that she had mistakenly omitted filing the proposed order and judgment when filing the affidavit. The next day, Petitioner filed an objection to the proposed order and judgment, citing Rule 1-127 and arguing that a proper motion for attorney fees had not been filed. On August 13, 2008, the district court held a motion hearing regarding several issues, including the attorney fee issue. At the hearing, the district court stated that Petitioner's objection was well taken and

22

agreed that Rules 1-127 and 1-054(E) were not followed and that they established the procedure required for the awarding of attorney fees in a domestic relations case. The district court then ordered Respondent to file a motion in order to comply with the rules and stated that once the motion was filed, Petitioner was entitled to respond.

Respondent filed a motion on August 25, 2008, and Petitioner responded on September 4, 2008, arguing that the motion was untimely under Rule 1-054(E). On November 24, 2009, the district court entered an "order on motion for new trial," in which it stated that

> the Court should reserve an award of attorney fees until full consideration of the parties' attorney fee submissions filed while Petitioner's appeal was pending. For purposes of this motion, [Conclusion of Law No. 29] shall be considered withdrawn, and [Conclusion of Law No. 27] modified to reflect only the Court's finding that the evidence presented at trial showed that approximately half of [Respondent's] attorney fees incurred between the Amended Interim Order and the conclusion of the trial on the merits were expended in response to Petitioner's creation of communication problems and his disregard of court orders regarding email communication and visitation exchanges. A final ruling on attorney fees, taking into account the [parties'] written submissions on the matter, will issue separately.

The district court ruled on the attorney fees issue on December 27, 2010. It ruled that the language in Conclusions of Law Nos. 27 to 29 was not a sufficient basis for a judgment awarding attorney fees under Rule 1-127 because Rule 1-054(E) requires a motion within fifteen days of a final judgment and requires that the court consider four non-exclusive factors in awarding attorney fees. The district court then

23

considered the four factors and awarded attorney fees as outlined in Conclusions of Law Nos. 27 to 29.

Petitioner argues that the district court erred in modifying Conclusion of Law No. 27 without compliance with Rules 1-127 and 1-054(E) because Respondent did not file a motion for attorney fees within fifteen days of the final decree. Rule 1-127 requires a district court to consider (1) the disparity of the parties' resources; (2) prior settlement offers; (3) the total amount of fees and costs expended by each party, the amount paid from community property funds, any balances due and any interim advance of funds ordered by the court; and (4) the success on the merits, when determining whether to award attorney fees pursuant to a Rule 1-054(E) motion. *See* *Grant v. Cumiford*, 2005-NMCA-058, ¶ 35, 137 N.M. 485, 112 P.3d 1142. Rule 1-054(E)(1) requires that claims for attorney fees be made by a motion, and Rule 1-054(E)(2) generally requires that a motion for attorney fees be filed within fifteen days after entry of the final judgment "[u]nless otherwise provided by statute or order of the court[.]"

Although Respondent did not file a motion for attorney fees within fifteen days of the final decree, Rule 1-054(E)(2) provides that a motion for attorney fees may be filed later than fifteen days after final judgment by "order of the court." In this case, Respondent did not file a Rule 1-054(E) motion because the final decree awarded

24

attorney fees and the district court only required that Respondent file an affidavit detailing the amount of attorney fees. Once Petitioner objected, the district court recognized that awarding attorney fees in the final decree and requiring that Respondent submit an affidavit detailing expenses may have violated Rules 1-054(E) and 1-127. The district court then ordered Respondent to file a proper Rule 1-054(E) motion for attorney fees to cure this perceived deficiency and provided that Petitioner was entitled to respond to the motion. In essence, the district court ordered an extension of the time period to file the Rule 1-054(E) motion in order to ensure that the court and the parties followed the proper procedures under the appropriate rules. Under these circumstances, we cannot say that the district court abused its discretion in allowing Respondent to file a motion for attorney fees more than fifteen days after the final decree. *See Grant*, 2005-NMCA-058, ¶ 35 (remanding to the district court to consider how the Rule 1-127 factors affect a determination for attorney fees even though the petitioner did not file a Rule 1-054(E) motion because the petitioner sufficiently alerted the district court and opposing party to her request for attorney fees by filing an affidavit within a fifteen-day period).

Petitioner also argues that the district court erred in withdrawing Conclusion of Law No. 29 because the district court failed to comply with Rules 1-052(D) and 1-060. As a result, Petitioner asks this Court to deny Respondent attorney fees.

25

Although the district court stated in its November 24, 2009 order that it was withdrawing Conclusion of Law No. 29 and withholding ruling on the attorney fees issue until it considered the parties' written submissions, the December 27, 2010 order reinstated the award of attorney fees to Respondent as outlined in Conclusions of Law Nos. 27-29. Even if we were to agree with Petitioner that the district court erred by withdrawing and subsequently reinstating Conclusion of Law No. 29, Petitioner would not be entitled to the relief he seeks. We therefore do not address his argument. *See In re Pernell*, 92 N.M. 490, 493, 590 P.2d 638, 641 (Ct. App. 1979) (noting that New Mexico appellate courts do not decide questions if "no actual relief can be afforded" (internal quotation marks and citation omitted)).

**CONCLUSION**

We affirm the judgment of the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

26

**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**