# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 12, 2015

**NO. 33,110**

**AKILAH SANDERS-REED,**
**by and through her parents Carol**
**and John Sanders-Reed, and**
**WILDEARTH GUARDIANS,**

      Plaintiffs-Appellants,

v.

**SUSANA MARTINEZ, in her**
**official capacity as Governor**
**of New Mexico, and**
**STATE OF NEW MEXICO,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

WildEarth Guardians
Samantha Ruscavage-Barz
Santa Fe, NM

for Appellants

Keleher & McLeod, P.A.
Sean Olivas
Gary J. Van Luchene
Albuquerque, NM

Hector H. Balderas, Attorney General
Santa Fe, NM
Stephen R. Farris, Assistant Attorney General
Albuquerque, NM

for Appellees

Western Environmental Law Center
Erik Schlenker-Goodrich
Taos, NM

for Amici Curiae Law Professors Mary Christina Wood, Philip H. Knight, Denise D. Fort, Eileen Gauna, Reed Benson, Michael Blumm, John Davidson, Gerald Torres, Burns Weston, Kevin J. Lynch, Erin Ryan, Timothy P. Duane, Deepa Badrinarayana, Ryke Longest, Jacqueline P. Hand, Zygmunt Plater, Charles Wilkinson, Patrick C. McGinley, Craig Anthony Arnold, Patrick Parenteau, James R. May, Alyson C. Flournoy, David Takacs, William H. Rodgers, Jr., Karl Coplan, John Dernbach, Maxine Burkett, James Gustave Speth, and Eric T. Freyfogle

Steven C. Sugarman
Cerrillos, NM

for Amici Curiae State Representative Gail Chasey, Amigos Bravos, Sierra Club, Diné Citizens Against Ruining Our Environment, Climate Change Leadership Institute, and Chaco Alliance

## OPINION

**GARCIA, Judge.**

{1}    Plaintiffs, WildEarth Guardians, a nonprofit conservation organization, and Carol and John Sanders-Reed, on behalf of their minor daughter, Akilah Sanders-Reed, filed a civil complaint against the State of New Mexico and Susana Martinez, in her official capacity as New Mexico's governor, (collectively, the State) seeking a judgment declaring, among other things, that the common law public trust doctrine imposes a duty on the State to regulate greenhouse gas emissions in New Mexico. The district court granted summary judgment in favor of the State. Plaintiffs appeal. We affirm.

## BACKGROUND

**A.    The Original Complaint and the Amended Complaint**

{2}    This is one of several cases identified nationwide asking courts to recognize that states have a common law duty under the public trust doctrine to protect the atmosphere by regulating greenhouse gas emissions. *See, e.g.*, *Kanuk ex rel. Kanuk v. State Dep't of Natural Res.*, 335 P.3d 1088 (Alaska 2014); *Butler ex rel. Peshlakai v. Brewer*, No. 1 CA-CV 12-0347, 2013 WL 1091209 (Ariz. Ct. App. Mar. 14, 2013) (non-precedential); *Filippone ex rel. Filippone v. Iowa Dep't of Natural Res.*, 829 N.W.2d 589 (Iowa Ct. App. 2013) (utilizing a table format to address the issue);

*Aronow v. State*, No. A12-0585, 2012 WL 4476642 (Minn. Ct. App. Oct. 1, 2012) (non-precedential); *Chernaik v. Kitzhaber*, 328 P.3d 799 (Or. Ct. App. 2014); *Svitak ex rel. Svitak v. State*, 178 Wash. App. 1020, No. 69710-2-I, 2013 WL 6632124 (Wash. Ct. App. Dec. 16, 2013) (non-precedential).

{3}     Plaintiffs' original complaint asked the district court to declare that the State has a public trust duty to protect the atmosphere to the extent defined by "the best available science" and that the State's failure to do so constitutes a breach of its public trust duty. Plaintiffs later amended their complaint to avoid dismissal by the district court on the State's motion. In their amended complaint, Plaintiffs asked the district court to declare that the State has a public trust duty to protect the atmosphere, and that its "failure to investigate the threat posed by unlimited greenhouse gas emissions into the atmosphere, as it relates to climate change" and to devise a plan to "mitigate the effects of climate change" is a breach of the public trust duty. Their amended complaint also asked the district court to order the State to produce, by "reasonable dates certain," an assessment of greenhouse gas levels in New Mexico and the "concomitant climate change impacts based on current climate change science," and plans for redressing and preventing the impairment to the atmosphere caused by greenhouse gases, thereby mitigating the effects of climate change.

**B.** **The Shifting Status of New Mexico's Greenhouse Gas Regulations While This Action Was Pending in the District Court**

{4} At the time that Plaintiffs filed their original complaint in May 2011, the State, through the Environmental Improvement Board (the EIB)—the agency charged by the Legislature with protecting New Mexico's air and other natural resources—had promulgated regulations limiting greenhouse gas emissions. *See* NMSA 1978, § 74-2-5(A) (2007); 20.2.100 NMAC (12/27/2010) (repealed 5/7/2012); 20.2.300 to -350 (1/11/2011) (repealed 3/9/2012). Plaintiffs' original complaint acknowledged that these regulations existed, but asserted that they were insufficient to meet the State's public trust duty to protect the atmosphere.

{5} Two months later in July 2011, entities involved in New Mexico's energy industry, with the support of the New Mexico Environment Department (NMED)—the department responsible for maintaining, developing, and enforcing New Mexico's air quality management regulations—petitioned the EIB to repeal the State's greenhouse gas regulations. *See* NMSA 1978, § 74-1-7(A)(4) (2000). After about ten months of hearings on these petitions, the EIB repealed the greenhouse gas regulations in March and May 2012. In doing so, it concluded that regulating greenhouse gas emissions in New Mexico "will have no perceptible impact on climate

3

change or global warming."

{6}    Other environmental groups began the process of initiating judicial review of the EIB's decision as provided under the Air Quality Control Act and the Rules of Appellate Procedure. *See* NMSA 1978, § 74-2-9(A) (1992) ("Any person adversely affected by an administrative action taken by the [EIB] . . . may appeal to the court of appeals. All appeals shall be upon the record made at the hearing and shall be taken to the court of appeals within thirty days following the date of the action."); Rule 12-601(B) NMRA ("Direct appeals from orders, decisions, or actions of boards, commissions, administrative agencies, or officials shall be taken by filing a notice of appeal with the appellate court clerk, . . . within thirty (30) days from the date of the order, decision, or action appealed from."). These groups later moved to dismiss the appeal.

{7}    Plaintiffs did not appeal the EIB's decision to repeal the regulations pursuant to the process provided under Section 74-2-9(A) of the Air Quality Control Act or Rule 12-601(B), and they did not initiate a proposal for other regulations using the process provided under NMSA 1978, § 74-2-6(A) (1992) of the Air Quality Control Act. *See* § 74-2-6(A)-(D) (providing, among other things, that "[a]ny person may recommend or propose regulations to the environmental improvement board . . . for

4

adoption[,]" the EIB "shall determine whether to hold a hearing[,] . . . [n]otice of the hearing shall be . . . published in a newspaper of general circulation[,]" such notice "shall also state where interested persons may secure copies of any proposed regulation or air quality standard[,]" and "[a]t the hearing, the [EIB] . . . shall allow all interested persons [a] reasonable opportunity to submit data, views[,] or arguments orally or in writing and to examine witnesses testifying at the hearing."). In response to the EIB's actions, Plaintiffs amended their complaint in this proceeding, acknowledged that the EIB repealed the greenhouse gas regulations, and continued to contend that the State had breached its public trust duties by failing to protect the atmosphere from greenhouse gas emissions.

**C.      Summary Judgment Disposing of the Amended Complaint**

{8}      The district court eventually granted summary judgment in favor of the State. In doing so, it concluded that the public trust doctrine would apply to the atmosphere if "the Legislature or the agencies charged with implementing environmental laws had ignored the atmosphere[.]" It further concluded that the public trust doctrine did not apply in this case because (1) the Legislature has established a statutory and administrative scheme for protecting the atmosphere; (2) the undisputed facts showed that the EIB did not ignore the atmosphere when it concluded that regulating

5

greenhouse gas emissions in New Mexico would have no impact on climate change; and (3) Plaintiffs did not claim that "the [political] process was tainted" or that "the public was foreclosed from pursuing the issue."

{9} The district court further noted that Plaintiffs and other members of the public had the opportunity to participate in the EIB proceedings that led to the repeal of the greenhouse gas regulations, and that they could propose their own greenhouse gas regulations under Section 74-2-6. It concluded that the EIB's decision whether, and to what extent, to regulate greenhouse gas emissions in response to climate change is a "political decision, not a [c]ourt decision[,]" and the remedy is to "elect people who believe that greenhouse gases are a problem, [and] man[kind] does contribute to climate change[.]"

**D.   Arguments on Appeal**

{10} On appeal, Plaintiffs assert that the district court erred when it concluded as a matter of law that "the threshold inquiry in a public trust case is whether the [d]octrine *applies* rather than whether the State is fulfilling its . . . duty as trustee of the [atmosphere]" when it does not regulate "unlimited greenhouse gas emissions[.]" (Emphasis added.) They ask that we formally recognize that the public trust doctrine is operative in New Mexico, "that the atmosphere is a public trust resource[,]" that

the State, as trustee, has a duty to "prevent substantial impairment to the atmosphere," and that we remand the case to the district court for further proceedings on its amended complaint. Although Plaintiffs do not ask us to evaluate on appeal any of the other claims for relief that they made in their amended complaint that would flow from the conclusion that the State has a public trust duty to protect the atmosphere, we consider all of the claims in the amended complaint as a whole in addressing whether summary judgment was proper in this case. *See generally State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

{11}     We distill Plaintiffs' claims down to this: (1) that the common law public trust doctrine provides an alternative process, separate from and without regard to the process established by the Legislature under the Air Quality Control Act, by which the judicial branch of government would hold hearings, weigh evidence, and make findings and conclusions involving interwoven scientific, technical, and economic factors surrounding climate change; and (2) in the event the judiciary concludes that

7

the public trust doctrine requires a different action than that taken by the EIB under the Air Quality Control Act, the judiciary's decision would take precedence over the EIB's decision. For the reasons discussed below, we reject Plaintiffs' claims.

**DISCUSSION**

**A.      Standard of Review**

{12}      A district court's decision to grant summary judgment is an issue of law that we review de novo. *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. Summary judgment is appropriate where the parties do not genuinely dispute any material facts, and the movant is entitled to judgment as a matter of law. *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("If the facts are not in dispute, and only their legal effects remain to be determined, summary judgment is proper.").

**B.      Public Trust Doctrine**

{13}      The public trust doctrine is a common law doctrine that has traditionally applied to "public navigation and fishing rights over tidal lands and in the state laws of this country." *PPL Montana, LLC v. Montana*, __ U.S. __, __, 132 S. Ct. 1215, 1234 (2012). The doctrine is "a matter of state law," and "the States retain residual power to determine the scope of the public trust[.]" *Id.* at 1235. New Mexico courts

8

have never referred to the public trust doctrine, but they have recognized that common law public trust principles apply in the context of public waters and public trust lands. *See, e.g.*, *State ex rel. Bliss v. Dority*, 1950-NMSC-066, ¶ 11, 55 N.M. 12, 225 P.2d 1007 ("The public waters of this state are owned by the state as trustee for the people[.]"); *Forest Guardians v. Powell*, 2001-NMCA-028, ¶¶ 8-9, 13, 130 N.M. 368, 24 P.3d 803 (concluding that "the lands granted under the [Enabling] Act as well as the profits to be derived from these lands are to be held in trust for the benefit of named institutions[,]" and applying charitable trust law in holding that plaintiff school children did not have standing to sue to enforce the trust).

{14} New Mexico appellate courts have not had an opportunity to consider whether common law public trust principles apply to New Mexico's atmosphere. In looking to other jurisdictions, we note that some have declined to extend the public trust doctrine to the atmosphere. *See Filippone*, 829 N.W.2d 589, at *2-3 (declining to extend the public trust doctrine to the atmosphere because the Iowa Supreme Court had previously declined to extend the doctrine to forested areas and public alleyways); *Aronow*, No. A12-0585, 2012 WL 4476642, at *2 (declining to apply the public trust doctrine to the atmosphere because no court in Minnesota or any other jurisdiction has done so, and because it had previously held that the public trust

doctrine did not apply to land). Plaintiffs have cited no cases—and we have found none—where another jurisdiction's appellate court has concluded that common law public trust principles independently apply to management of the atmosphere.

{15}     Plaintiffs assert that the public trust doctrine, as applied to the atmosphere, has been adequately "expressed" in Article XX, Section 21 of the New Mexico Constitution that reads:

> The protection of the state's beautiful and healthful environment is hereby declared to be of fundamental importance to the public interest, health, safety[,] and the general welfare. The [L]egislature shall provide for control of pollution and control of despoilment of the air, water[,] and other natural resources of this state, consistent with the use and development of these resources for the maximum benefit of the people.

We agree that Article XX, Section 21 of our state constitution recognizes that a public trust duty exists for the protection of New Mexico's natural resources, including the atmosphere, for the benefit of the people of this state. However, we also conclude that New Mexico's constitutional and statutory provisions have incorporated and implemented the common law public trust doctrine with regard to the process a person must follow in asserting his or her rights to protect the atmosphere. In other words, one may raise arguments concerning the duty to protect the atmosphere, but such arguments must be raised within the existing constitutional and statutory

10

framework and not alternatively through a separate common law cause of action. A separate common law cause of action under the public trust doctrine would circumvent and render a nullity the process under the Air Quality Control Act that has established how competing interests are addressed and decisions are made regarding regulation of the atmosphere. We reach this conclusion for several reasons.

{16}     First, although the common law has been adopted in New Mexico, *see* NMSA 1978, § 38-1-3 (1876), the common law does not apply to the extent the subject matter of the duty or right asserted is covered by constitution, statute, or rule. *See State ex rel. Atty. Gen. v. First Jud. Dist. Court of N.M.*, 1981-NMSC-053, ¶ 36, 96 N.M. 254, 629 P.2d 330, *abrogated on other grounds by Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, 283 P.3d 853. Nearly a century ago, our Supreme Court explained the relationship between the common law and statutory law in *Beals v. Ares*:

> When the Legislature in 1876 adopted the common law as the rule of practice and decision, the whole body of that law . . . came into this jurisdiction. Where it found a statute counter to its provisions, it yielded to the statute, but it gave way only in so far as the statute conflicted with its principles. In so far as it was possible[,] it operated in conjunction and harmony with the statutes. If the statutes conflicted with it, it bided its time, and upon repeal of the statute became again operative. In other words, the common law, upon its adoption, came in and filled every crevice, nook, and corner in our jurisprudence where it had not been

11

> stayed or supplanted by statutory enactment, in so far as it was applicable to our conditions and circumstances.

1919-NMSC-067, ¶ 36, 25 N.M. 459, 185 P. 780. Article XX, Section 21 of our constitution recognizes the duty to protect the atmosphere and other natural resources, and it delegates the implementation of that specific duty to the Legislature. Plaintiffs do not argue that the Legislature, or its statutory delegate—the EIB—has not established appropriate regulatory procedures to comply with the constitutional mandate to protect the atmosphere. To the extent that Plaintiffs argue that the common law public trust doctrine empowers the judicial branch to independently establish the best way to implement protections for the atmosphere, apart from its judicial review function involving EIB actions, our constitutional provision has superceded that portion of the common law doctrine. *See First Jud. Dist. Court of N.M.*, 1981-NMSC-053, ¶ 36; *Beals*, 1919-NMSC-067, ¶ 36. The Legislature has enacted a statutory framework to address how protections for the atmosphere are implemented and the common law, where inconsistent with this statutory scheme, must now yield to the governing statute.

{17}    Second, the Legislature has enacted the Air Quality Control Act, which charges the EIB with preventing and abating the emission of "gas" into the "outdoor

12

atmosphere" in a way that "with reasonable probability" injures humans, plants, or animals or unreasonably interferes with the public welfare. *See* § 74-2-5(A) ("The [EIB] shall prevent or abate air pollution."); NMSA 1978, § 74-2-2(A)-(B) (2001) (defining "air pollution" as "the emission . . . into the outdoor atmosphere of one or more air contaminants in quantities and of a duration that may with reasonable probability injure human health or animal or plant life or as may unreasonably interfere with the public welfare, visibility[,] or reasonable use of property" and defining "air contaminant" as "a substance, including . . . gas"). The Act also permits citizens to be involved in the regulatory process. *See* § 74-2-6(A)-(F). Further, in the event a citizen disagrees with an EIB decision, he or she may directly appeal that decision to this Court, at which time we must consider whether the EIB's action was "arbitrary, capricious[,] or an abuse of discretion;" "not supported by substantial evidence in the record" made during the EIB proceedings; or "otherwise not in accordance with law." *See* § 74-2-9(A)-(C). Plaintiffs neither contend that this process has been unavailable to them, nor do they argue that this process is inconsistent with public trust principles for implementing the protections set forth in Article XX, Section 21 of the Constitution.

13

{18} Third, our conclusion is consistent with established separation-of-powers principles. *See New Energy Econ. Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 10, 149 N.M. 42, 243 P.3d 746 (recognizing that "the relationship between administrative proceedings and declaratory judgment actions [is] controlled by the doctrine of separation of powers"); *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 15, 142 N.M. 786, 171 P.3d 300 (cautioning "against using a declaratory judgment action to challenge or review administrative actions if such an approach would foreclose any necessary fact-finding by the administrative entity, discourage reliance on any special expertise that may exist at the administrative level, disregard an exclusive statutory scheme for the review of administrative decisions, or circumvent procedural or substantive limitations that would otherwise limit review through means other than a declaratory judgment action"); *see also* Edgar Washburn & Alejandra Núñez, *Is the Public Trust a Viable Mechanism to Regulate Climate Change?*, 27 Nat. Resources & Env't 23, 27 (Fall 2012) ("[T]here are serious procedural and practical problems with seeking to utilize the judicial system and the common law public trust as a vehicle for regulating [greenhouse gases,]" including "who has standing; whether the issue is a political question not amenable to judicial resolution and other issues of separation of powers; federal and state matters of comity; and the inappropriateness

of a court undertaking to regulate in a complex scientific area where it has neither the expertise nor the facilities to implement a solution."); *Svitak*, No. 69710-2-I, 2013 WL 6632124, at *2 (declining to "impose a new duty based on an unprecedented extension of the common law in a new subject area to create a new judicial cause of action" and recognizing that "[t]o create and impose this new duty, would necessarily involve resolution of complex social, economic, and environmental issues" that would "invade[] the prerogatives of the legislative branch, thereby violating the separation of powers doctrine"). Although Plaintiffs' declaratory judgment action did not explicitly challenge the EIB's decision to repeal New Mexico's greenhouse gas regulations, and it did not explicitly ask the district court to reverse the EIB's decision in that regard, the practical effect of a judgment granting Plaintiffs' requested relief would be to reverse the EIB's action, allow the courts to "foreclose" the EIB's factfinding function, "discourage reliance on" the EIB's "special expertise[,]" "disregard" the Air Quality Control Act's "exclusive statutory scheme[,]" and "circumvent procedural or substantive limitations that would otherwise limit review" of the EIB's actions. *See Smith*, 2007-NMSC-055, ¶ 15. Separation of powers principles would be violated by adhering to Plaintiffs' request for a judicial decision that independently ignores and supplants the procedures established under the Air

15

Quality Control Act.

**CONCLUSION**

{19} We conclude that the courts cannot independently intervene to impose a common law public trust duty upon the State to regulate greenhouse gases in the atmosphere. The Air Quality Control Act has established adequate procedures to address and implement any regulation of greenhouse gases in the atmosphere. Plaintiffs do not dispute that the EIB considered the effect of greenhouse gas emissions on the atmosphere, along with all of the other factors required by our constitution and the Air Quality Control Act, when it made its recent decisions regarding New Mexico's greenhouse gas regulations. Plaintiffs had an opportunity to participate in that administrative process before the EIB, they continue to have the right to propose new regulations with the EIB and to appeal any of the EIB's decisions, they have the opportunity to participate in the legislative process during New Mexico's legislative sessions, and voters have the opportunity to exercise their desire for political change regarding complex environmental issues at the ballot box during each election cycle. Therefore, where the State has a duty to protect the atmosphere under Article XX, Section 21 of the New Mexico Constitution, the courts cannot independently regulate greenhouse gas emissions in the atmosphere as

Plaintiffs have proposed, based solely upon a common law duty established under the public trust doctrine as a separate cause of action. We affirm the district court's order granting summary judgment in favor of the State.

{20}    **IT IS SO ORDERED.**

                                  _____

                                  **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**