# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  **JULY 29, 2015**

**NO. 32,379**

**JACOB M. WILLIAMS,**

    Plaintiff-Appellee,

v.

**BNSF RAILWAY COMPANY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Caren I. Friedman
Santa Fe, NM

Heard Robins Cloud LLP
Bill Robins III
Justin R. Kaufman
Santa Fe, NM

Jones, Granger, Tramuto & Halstead
Robert M. Tramuto
Houston, TX

for Appellee

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Tim L. Fields
Jeremy K. Harrison
Albuquerque, NM

BNSF Railway Company
Wayne L. Robbins, Jr.
Fort Worth, TX

for Appellant

**OPINION**

**ZAMORA, Judge.**

{1} BNSF Railway Company (BNSF) appeals from a district court judgment in favor of Jacob Williams (Plaintiff) on Plaintiff's claims brought under the Federal Employers' Liability Act (the Act), 45 U.S.C. §§ 51-60 (2013). BNSF claims that the district court committed reversible error in admitting evidence of subsequent remedial measures and in admitting evidence concerning injuries to other railway employees. We conclude that the district court did not err in its evidentiary rulings. We affirm.

**BACKGROUND**

{2} Plaintiff worked for BNSF as a locomotive engineer. On July 30, 2009, Plaintiff was working at a mechanical facility for locomotive railcars in Belen. One of Plaintiff's duties was to secure the locomotives by tying or setting handbrakes on each locomotive. A handbrake is a component of a locomotive railcar that is operated manually and that helps to secure a stopped train. Setting the handbrakes involves cranking a wheel on the catwalk of each locomotive. The wheel pulls a chain, which is attached to the brake. When the wheel is turned, the brake is pulled up against the wheels of the locomotive.

{3} As Plaintiff tied a handbrake on July 30, 2009, he felt a "pop and a stretch" in his left shoulder. Plaintiff finished his shift. Over the next two days Plaintiff

experienced increased pain and decreased range of motion in his shoulder. Plaintiff reported the injury on August 1, 2009. The injury was designated as an overexertion injury. Plaintiff underwent physical therapy and eventually needed surgery on his shoulder.

{4} Plaintiff filed a personal injury complaint against BNSF alleging that he injured his shoulder as a result of BNSF's negligent training and unsafe equipment relating to handbrake use. Plaintiff claimed to have suffered a permanent disability and sought recovery for medical expenses, lost wages, and pain and suffering. A jury returned a special verdict, finding damages in the amount of $80,000, and apportioning fault at seventy-five percent to BNSF and twenty-five percent to Plaintiff. This appeal followed.

**DISCUSSION**

{5} On appeal BNSF argues that the district court erred in admitting evidence concerning a specialized "handbrake trailer" used in safety training after Plaintiff's injury. BNSF also challenges the admissibility of injury reports made by other BNSF employees after unrelated events.

**Standard of Review**

{6} "We review the admission or exclusion of evidence for abuse of discretion." *Progressive Cas. Ins. Co. v. Vigil*, 2015-NMCA-031, ¶ 13, 345 P.3d 1096 (internal

quotation marks and citation omitted), *cert. granted, Progressive v. Vigil*, 2015-NMCERT-003, 346 P.3d 1163. "To the extent our analysis requires interpretation of applicable rules of evidence, our review is de novo." *State v. Garcia*, 2013-NMCA-064, ¶ 11, 302 P.3d 111; *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 20, 273 P.3d 867 ("Ordinarily, we review an evidentiary ruling of the district court admitting or excluding evidence for an abuse of discretion, while reviewing any interpretation of law underlying the ruling de novo.").

**Evidence of the Handbrake Trailer**

{7}     Prior to trial, BNSF filed a motion in limine seeking to exclude evidence that after Plaintiff's injury, BNSF began using a handbrake trailer in safety training programs in its Southwest Division, including the Belen yard, where Plaintiff was injured. The handbrake trailer is a small portable trailer, with simulations of different types of handbrakes. Each handbrake on the trailer is equipped with a pressure gauge. As employees tighten the simulated handbrakes on the trailer, the gauges show the pressure being applied to the brake in pounds per square inch. A red line on the gauge indicates the pressure at which sufficient tension has been placed on the brake. This helps employees to get a sense for the amount of force needed to properly set each handbrake.

**{8}** BNSF sought to exclude evidence related to the trailer, claiming that its use in the Southwest Division was a subsequent remedial measure. However, the district court denied the motion, finding that the handbrake trailer evidence was admissible to show the feasibility of precautionary measures. BNSF contends that the district court erred in admitting the evidence under Rule 11-407 NMRA's feasibility exception. We conclude that the evidence was admissible because it did not involve a subsequent remedial measure.

**{9}** Rule 11-407 provides in pertinent part: "When measures are taken by a defendant that would have made an *earlier* injury or harm less likely to occur, evidence of the *subsequent* measures is not admissible to prove . . . negligence[.] But the court may admit this evidence for another purpose, such as . . . the feasibility of precautionary measures." *Id.* (emphasis added). By its language, the rule applies to actions taken after the injury or harm has occurred. We also note that the rule concerns *remedial* measures, meaning measures taken to address the occurrence of an accident or injury to make it less likely to occur in the future. *See Black's Law Dictionary* 1484 (10th ed. 2014) (defining "remedial" as "[a]ffording or providing a remedy; providing the means of obtaining redress" or "[i]ntended to correct, remove, or lessen a wrong, fault, or defect").

**{10}** One basic purpose of Rule 11-407 is to encourage a party to make repairs or modifications after an accident by removing the threat of legal liability for doing so. *See Yardman v. San Juan Downs, Inc.*, 1995-NMCA-106, ¶ 22, 120 N.M. 751, 906 P.2d 742. The rule protects a defendant that is first alerted to the possibility of danger after an accident and is induced by the accident to take steps to prevent further injury. *See Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 21 (Mo. Ct. App. 2005). "A defendant who is aware of the problem and has proposed measures for remediation prior to the accident is not entitled to the same protection." *Id.* (internal quotation marks and citation omitted).

**{11}** A review of the record in this case reveals that BNSF developed the handbrake trailer prior to Plaintiff's injury in July 2009. Julia Stoll, who became BNSF's safety manager for the Southwest Division between 2009 and 2011 testified that the trailer was developed and first used by BNSF's Montana Division. Stoll further testified that she was aware of the trailer's existence and use in handbrake safety training before she was transferred to the Southwest Division in April 2009. Because the handbrake trailer was developed and used for safety training prior to Plaintiff's injury, we conclude that it was not a subsequent remedial measure as contemplated by Rule 11-407.

{12}     BNSF also argues that the district court abused its discretion by concluding that the trailer evidence was admissible under Rule 11-401 NMRA, which provides that relevant evidence is generally admissible. This argument is unavailing. During the hearing on BNSF's motion in limine to exclude the trailer evidence, the district court found that the evidence was relevant because Plaintiff had directly put his training in issue. Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Rule 11-401. "Whatever naturally and logically tends to establish a fact in issue is relevant." *McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 14, 143 N.M. 740, 182 P.3d 121 (alteration, internal quotation marks, and citation omitted). Here, Plaintiff's claim was based in part on his allegation that BNSF was negligent in training him. Evidence related to BNSF's training and safety tools would have a tendency to make more or less probable Plaintiff's claim that his handbrake injury resulted from negligent training.

{13}     BNSF further argues that the district court abused its discretion when it concluded that the trailer evidence was admissible under the Rule 11-403 NMRA balancing test because the probative value was not substantially outweighed by any prejudice to Defendant. However, BNSF does not develop this argument by discussing how the trailer evidence was prejudicial and how any prejudice would have outweighed its probative value. Accordingly, we decline to address this

6

argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that we will not review undeveloped or unclear arguments that require us to guess at what a party's arguments might be).

{14} Because evidence concerning the handbrake trailer is relevant to Plaintiff's claim, and because use of the trailer was not a subsequent remedial measure, we affirm the district court's admission of the evidence without considering Rule 11-407's feasibility exception on which the district court based its decision. *Sanders-Reed ex rel. Sanders-Reed v. Martinez*, 2015-NMCA-063, ¶ 12, ___ P.3d ___ ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)). We also conclude that BNSF's argument regarding the jury instruction limiting consideration of the trailer evidence to the issue of feasibility is moot. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide . . . moot questions.").

**Evidence of Other Injuries**

{15} BNSF makes a number of arguments challenging the admissibility of injury reports filed by other BNSF employees. BNSF's primary argument is that Plaintiff

failed to show, and the district court failed to consider, whether the incidents reported were substantially similar to the incident from which Plaintiff's injury arose. BNSF's arguments are unavailing.

{16}  In *Ohlson v. Kent Nowlin Construction Co.*, 1983-NMCA-008, ¶ 34, 99 N.M. 539, 660 P.2d 1021, we relied on *McCormick's Handbook of the Law of Evidence*, § 200, at 475 (Edward W. Cleary ed., 2d ed. 1972), for the general rule regarding the admissibility of prior accidents or injuries in negligence cases. *Ohlson*, 1983-NMCA-008, ¶ 34 (citing *McCormick's*, *supra*, § 200, at 475). Then, as now, the rule is that evidence of prior accidents or injuries is not relevant to prove a specific act of negligence, but may be relevant to show either the existence of a danger or hazard or a defendant's knowledge of the danger. 1 George E. Dix, *McCormick on Evidence*, § 200, at 1106-07, 1112-13 (Kenneth S. Broun ed., 7th ed. 2013). Evidence of prior accidents or injuries is relevant where the circumstances surrounding the prior incidents are substantially similar to the circumstances surrounding the incident at issue. *Id.* at 1107. The burden of demonstrating substantial similarity lies with the proponent of the evidence. *Id.* at 1107-08. The degree of similarity required will depend on the nature of the allegedly dangerous condition in each case. *Id.* at 1111-14. When evidence of previous accidents or injuries is offered to show a defendant's knowledge or notice of a danger, a lesser degree of similarity may establish relevance

8

because all that is required "is that the previous injury or injuries be such as to call [the] defendant's attention to the dangerous situation that resulted in the litigated accident." *Id.* at 1114.

{17}    This is consistent with the general rule in the Tenth Circuit. In *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987) the court noted:

> Generally, . . . admission of evidence regarding prior accidents or complaints is predicated upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case[,] . . . how substantial the similarity must be is in part a function of the proponent's theory of proof. . . . If the accident is offered to prove notice, a lack of exact similarity of conditions will not cause exclusion provided the accident was of a kind which should have served to warn the defendant. When evidence of other accidents is used to prove notice or awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the one at issue should be relaxed. Once a court has determined that accidents are substantially similar, any differences in the circumstances surrounding those occurrences go merely to the weight to be given the evidence.

(alterations, internal quotation marks, and citations omitted).

{18}    This is consistent with the general rule in other jurisdictions as well. *See, e.g.*, *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 297-98 (6th Cir. 2007) ("Only prior incidents that are substantially similar to the one at issue will be admissible in evidence. This is so in large part because all evidence deemed admissible by the district court must meet the minimal standards of relevancy articulated in Federal Rules of Evidence 401 and 403 . . . if a prior occurrence is

offered to prove notice, . . . a lesser degree of similarity is required provided the accident would have tended to warn the defendant." (footnote, internal quotation marks, and citations omitted)); *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 754-55 (11th Cir. 1985) (stating that "[e]vidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger [or] the magnitude of the defect or danger involved," and recognizing that the relevance of similar occurrences "depends upon whether the conditions operating to produce the [similar occurrences] were substantially similar to the occurrence in question" (internal quotation marks and citation omitted)); *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 952 (7th Cir. 1982) ("Evidence of prior accidents which occurred at that crossing under similar conditions may be admitted to show that the railroad had prior knowledge that a dangerous and hazardous condition existed. Moreover, as the Third Circuit and other circuits suggest, it is appropriate to relax the requirement of similar conditions when the offer of proof is to show notice . . . rather than [the] defendant's negligence. (footnote and citations omitted)); *Lohmann ex rel. Lohmann v. Norfolk & W. Ry. Co.*, 948 S.W.2d 659, 668 (Mo. Ct. App. 1997) (holding that "[w]hen evidence of prior accidents is presented to show notice of danger, the similarity of the circumstances surrounding the accidents does not have to be completely symmetrical"); *see Hyatt v. Metro-N. Commuter R.R.*, 792 N.Y.S.2d 391, 393 (App.

Div. 2005) (holding that reports and testimony relating to prior accidents should not have been admitted where a railroad employee failed to show that the conditions of prior accidents were substantially the same as the conditions present when his accident occurred).

{19} In the present case, BNSF filed a motion in limine seeking to exclude evidence concerning other BNSF employees on the basis that such evidence was irrelevant to BNSF's negligence, and that its probative value was substantially outweighed by the danger of unfair prejudice to BNSF and confusion of the issues. Plaintiff argued that the injury reports would show that BNSF was on notice that its employees were sustaining injuries while handling handbrakes, which was relevant to the issue of adequate training. At a hearing on BNSF's motion, the parties explained that they were still conducting discovery on the issue. The district court deferred ruling on the motion until discovery was complete.

{20} After hearing arguments on the motion, the district court entered an order limiting the admissibility of the injury reports. The district court ruled that evidence of accident reports or injury information produced by BNSF would be admissible to the extent that it related to injuries sustained while applying handbrakes, the setting and releasing of handbrakes, and exertion or pressure during the use of handbrakes,

11

within the ten years prior to Plaintiff's injury. It is unclear from the record whether the court reviewed the individual injury reports prior to issuing the order.

{21} However, the district court did review the injury reports prior to trial. Addressing preliminary matters prior to jury selection, the district court heard from the parties regarding their objections to the trial exhibits. Plaintiff's exhibits included injury reports of other BNSF employees. The reports contained the date of each incident, the physical act and event which led to the injury, a description of the injury, and a short narrative explaining how the injury occurred. BNSF acknowledged that the injury reports were being offered only to demonstrate BNSF's notice of handbrake injuries, and did not object to the reports on the basis that they were irrelevant to its negligence. Instead, BNSF objected to one report because it was a duplicate, one report based on the relevant time period, and five reports based on an alleged lack of similarity between the reported incidents and Plaintiff's. The district court individually considered each of the reports to which BNSF objected. The duplicate reports and the report outside the relevant time frame were excluded. As to BNSF's objection to the other five reports, the district court concluded that because the injuries or incidents involved overexertion or repetitive motion in the handling of handbrakes, they were substantially similar to Plaintiff's injury and the reports were admitted.

{22} BNSF argues that (1) the injury reports are irrelevant to Plaintiff's negligence claim; (2) the district court erred in admitting the reports without considering evidence of substantial similarity; (3) the reports lacked sufficient detail to establish substantial similarity; and (4) the reports were unfairly prejudicial to BNSF's defense. We disagree.

{23} BNSF's first three assertions are simply not supported by the record. First, Plaintiff offered the injury reports to show that BNSF had notice of a pattern of exertion injuries related to the operation of handbrakes, not to prove negligence, a fact that BNSF acknowledged prior to trial. Thus, whether the reports were relevant to prove negligence has never been an issue in this case. Second, the district court reviewed each injury report with the parties before jury selection and made specific rulings as to each report. And third, the reports detailed when each injury occurred, what task the employee was performing when each injury occurred, what equipment was involved in the injury, descriptions of each injury, and narratives explaining how each injury occurred. The district court correctly determined that the reports contained sufficient detail to establish substantial similarity.

{24} BNSF argues that admitting the injury reports was unfairly prejudicial because it permitted the jury to infer that BNSF knew its employees were being injured operating handbrakes. According to BNSF, the prejudice was compounded by the fact

13

that BNSF was not permitted to question Julia Stoll, its safety manager for the Southwest Division between 2009 and 2011 about the specific nature of the injuries listed in the reports. This allowed the jury to infer that the injuries in the reports were actually caused by handbrakes.

{25} Under Rule 11-403, the district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. "Our courts have repeatedly recognized that the trial court is in the best position to evaluate the effect of trial proceedings on the jury." *Norwest Bank N.M., N.A. v. Chrysler Corp.*, 1999-NMCA-070, ¶ 39, 127 N.M. 397, 981 P.2d 1215. Accordingly, "the trial court is vested with broad discretion to determine under Rule 11-403 whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Norwest Bank N.M., N.A.*, 1999-NMCA-070, ¶ 39.

{26} "The purpose of Rule 11-403 is not to guard against any prejudice whatsoever, but only against the danger of *unfair* prejudice." *State v. Otto*, 2007-NMSC-012, ¶ 16, 141 N.M. 443, 157 P.3d 8 (alteration, internal quotation marks, and citation omitted). In the present case, evidence that other BNSF employees were injured operating handbrakes is relevant to whether BNSF had notice of a pattern of handbrake injuries, and the district court properly admitted the injury reports because they were

substantially similar to the Plaintiff's claim. *See Surles*, 474 F.3d 288, 297 (noting that "[a] showing of substantial similarity insures that the evidence meets the . . . requirements of Rule [403]"). BNSF does not explain how Ms. Stoll's testimony would have reduced any prejudicial effect the injury reports had at trial. Nor does BNSF present any argument as to how this probative value of the injury reports was substantially outweighed by any prejudicial effect the evidence may have had. We conclude that the injury reports were not unfairly prejudicial to BNSF to the extent that they outweighed their probative value and that the district court did not abuse its discretion in admitting the reports as evidence.

**CONCLUSION**

{27}    For the foregoing reasons, we affirm.

{28}    **IT IS SO ORDERED**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**RODERICK T. KENNEDY, Judge**

15