This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37404

**MICHAEL A. WEBB and
TAMMY LEE BRUYERE,**

Plaintiffs-Appellees,

v.

**PRESBYTERIAN HEALTHCARE
SERVICES INC.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie A. Huling, District Judge**

McGinn, Montoya, Love & Curry P.A.
Randi McGinn
Elicia Montoya
Katie Curry
Mish Miera-Rosete
Albuquerque, NM

for Appellees

Keleher & McLeod, P.A.
Thomas C. Bird
Nathan S. Stimson
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** In this medical malpractice case, Defendant Presbyterian Health Services (PHS) appeals from a judgment in favor of Plaintiffs Michael A. Webb and Tammy Lee

Bruyere, arguing that the district court erred by: (1) excluding PHS's proposed expert testimony regarding causation; and (2) declining to admit into evidence the portions of the deposition of Dr. Erin Bigler designated by PHS. We affirm.

## DISCUSSION[1]

### I.    Standard of Review

**{2}**    "[E]xclusion of evidence is a matter within the discretion of the trial court and the court's determination will not be disturbed on appeal in the absence of a clear abuse of that discretion." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted). "We do not find an abuse of discretion unless the court's ruling exceeds the bounds of all reason or is arbitrary, fanciful or unreasonable." *Mayeux v. Winder*, 2006-NMCA-028, ¶ 34, 139 N.M. 235, 131 P.3d 85 (internal quotation marks and citation omitted).

### II.    PHS Has Not Established That the District Court Abused Its Discretion by Excluding the Testimony of Dr. Diane Langemo

**{3}**    PHS argues that the district court erred by excluding the expert causation testimony of Diane Langemo, Ph. D. We are not persuaded.

**{4}**    "We review the district court's decision to admit or exclude scientific expert testimony under Rule 11-702 [NMRA] for an abuse of discretion." *Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 21, 350 P.3d 1205. Our Supreme Court has recognized "three prerequisites in Rule [11]-702 for the admission of expert opinion testimony." *State v. Alberico*, 1993-NMSC-047, ¶ 43, 116 N.M. 156, 861 P.2d 192. The proponent of the testimony must demonstrate that (1) the expert is "qualified[,]" *id.*; (2) the testimony "will assist the trier of fact[,]" *id.* ¶ 44; and (3) the subject matter of the testimony is "scientific, technical[,] or other specialized knowledge." *Id.* ¶ 45 (internal quotation marks and citation omitted); *see generally* Rule 11-702.

**{5}**    Throughout its brief in chief, PHS characterizes the district court's order as resting exclusively on an erroneous determination as to the first prerequisite—that Dr. Langemo was not qualified to give expert testimony regarding causation because she is not a medical doctor. To cite just one example of many, PHS contends that "[t]he district court . . . excluded Dr. Langemo's causation testimony on *the sole ground* that Dr. Langemo 'is not a medical doctor.' "[2] (Emphasis added.) We do not accept PHS's reductive characterization; the district court did not limit its ruling to the first prerequisite. The district court also concluded that PHS did not meet the second prerequisite

---

1Because the parties are familiar with the factual background, this memorandum opinion does not include a background section. We describe the pertinent facts in the discussion section.

2We express no opinion as to whether PHS is correct that the district court based its conclusion that Dr. Langemo was not qualified to opine regarding causation solely on the witness not being a medical doctor or whether, as Plaintiffs contend, the district court also considered other aspects of the witness's qualifications.

because the *nature* of Dr. Langemo's causation opinions would not be helpful to the jury. In its order excluding those opinions, the district court concluded, in pertinent part, that Dr. Langemo "is not qualified to give causation or diagnosis opinions, *and* her opinions in this regard do not provide assistance to the trier of fact." (Emphasis added.) Under Rule 11-702 and *Alberico*, 1993-NMSC-047, ¶¶ 43-45, the district court's conclusion that PHS failed to meet the second prerequisite is sufficient, standing alone, to support the order excluding Dr. Langemo's testimony.

{6}     Because the district court excluded Dr. Langemo's causation testimony on two independent bases, reversal is proper only if PHS persuades us that *both* bases were erroneous. However, in its brief in chief, PHS did not assert, much less argue, that the district court's conclusion as to the second prerequisite—that the testimony would be unhelpful to the jury—is erroneous.[3] We presume that this conclusion was correct, *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 15, 392 P.3d 194, and PHS has not carried its burden of persuading us that the district court's conclusion was incorrect. *See State v. Sosa*, 2009-NMSC-056, ¶ 41, 147 N.M. 351, 223 P.3d 348 ("[O]ur obligation is to assume there was no error until [the appellant] satisfies [the appellant's] burden of persuasion by showing otherwise."). Because we must accept the district court's unchallenged conclusion that the expert opinions that PHS sought to introduce would not have been helpful to the jury, reversal would not be warranted even if we were to agree with PHS that Dr. Langemo was qualified to opine on causation. *See Rust Tractor Co. v. Consol. Constructors, Inc.*, 1974-NMCA-096, ¶ 7, 86 N.M. 658, 526 P.2d 800 (affirming based on the appellant's failure to challenge an alternative basis for the district court's ruling). We therefore affirm the order excluding Dr. Langemo's causation testimony without reaching the issue of her qualifications.

## III.     The District Court Did Not Abuse Its Discretion by Declining to Admit Into Evidence the Portions of Dr. Bigler's Testimony Designated by PHS

{7}     PHS argues that the district court abused its discretion by refusing to admit the portions of Dr. Bigler's deposition testimony that PHS had designated. We disagree.

{8}     The district court excluded the excerpts of Dr. Bigler's testimony pursuant to Rule 11-403 NMRA, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Specifically, the district court determined that: (1) the designated portions of the testimony had limited probative value; (2) admission of the selected excerpts was likely to mislead the jury on "a complicated issue"; and (3) placing those excerpts in context would waste time, requiring another

_____

3Although PHS does not acknowledge in either its brief in chief or its reply brief that the district court concluded Dr. Langemo's opinion would not be helpful to the jury, PHS devotes six sentences of its reply brief to explaining its view that the opinion would have been helpful. Construing this short passage as an argument that the district court erred by concluding the opinion was not helpful, we decline to consider the point as a potential ground for reversal because PHS raised it for the first time in its reply brief. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353 ("[W]e do not consider arguments raised in a reply brief for the first time.").

day of testimony, and be cumulative of testimony that the court had already admitted regarding the extent of the brain injury.

**{9}** In the context of Rule 11-403, we owe deference to the district court, which was "in the best position to evaluate the effect of trial proceedings on the jury." *Williams v. BNSF Ry. Co.*, 2015-NMCA-109, ¶ 25, 359 P.3d 158 (internal quotation marks and citation omitted). For this reason, New Mexico's appellate courts have recognized that "the counterbalances to relevant evidence under Rule 11-403 are left to the broad discretion of the district court." *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031; *see Williams*, 2015-NMCA-109, ¶ 25 (recognizing that district courts are "vested with broad discretion to determine under Rule 11-403 whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" (internal quotation marks and citation omitted)).

**{10}** On appeal, PHS focuses on the probative value of the testimony it sought to introduce. Even if we assume for purposes of discussion that the testimony had significant probative value, PHS has not given us any basis to conclude that the district court abused its broad discretion in weighing the various considerations set forth in Rule 11-403. Indeed, PHS's brief in chief does not include any argument whatsoever about the considerations that weigh against admission under Rule 11-403.[4] PHS does not contend that the district court erred in identifying factors that weighed against admitting the testimony under Rule 11-403 or that the district court abused its discretion by concluding that those factors substantially outweighed the probative value of the excluded testimony. PHS addresses only the probative value of the evidence, which is not sufficient to develop an argument to reverse a ruling under Rule 11-403. *See Coates*, 1999-NMSC-013, ¶ 37 (stating that the appellant bears the burden of demonstrating the exclusion of evidence to have been erroneous); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶¶ 70-71, 309 P.3d 53 (declining to consider an appellant's underdeveloped argument). The district court balanced various considerations, as Rule 11-403 requires, and we cannot glean from PHS's briefing any basis for holding that the conclusion the district court reached "exceed[ed] the bounds of all reason or [was] arbitrary, fanciful or unreasonable." *Mayeux*, 2006-NMCA-028, ¶ 34 (internal quotation marks and citation omitted). PHS has not persuaded this Court that the district court abused its discretion by excluding the evidence.

**CONCLUSION**

**{11}** We affirm.

---

[4]In its reply brief, PHS addresses this point only by arguing that the district court could have allowed counter-designations to minimize the prejudicial effect of the challenged testimony. But PHS makes this argument for the first time in the reply brief, s*ee Guest*, 2008-NMCA-144, ¶ 3, and, in any event, PHS's reply does not address all of the Rule 11-403 considerations on which the district court relied. PHS also does not explain how admitting the counter-designated portions of Dr. Bigler's testimony would have required a different Rule 11-403 analysis of the portions that PHS sought to introduce.

**{12}** IT IS SO ORDERED.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**